UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * *

United States of America,

        Plaintiff,

vs.

Vanessa Marie Sagataw,

        Defendant.        Crim. No. 09-126(06)(DWF/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant Vanessa Marie Sagataw to Suppress Evidence Obtained from Wire Taps, see, Docket No. 140, and her Motion to Suppress Search and Seizure of Evidence. See, Docket No. 138. A Hearing on the Motions was conducted on August 17, 2009, at which time, the Defendant appeared personally, and by Derk K. Schwieger, Esq., and the Government appeared by Steven

L. Schleicher, Assistant United States Attorney. For reasons which follow, we recommend that the Defendant's Motions to Suppress be denied.

## II. Discussion

The Defendant is charged in a one-Count Superseding Indictment with a Conspiracy to Distribute and to Possess, with the Intent to Distribute, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, and fifty (50) grams or more of cocaine base ("crack"), a controlled substance, in violation of Title 21 U.S.C. §§841(a)(1), 841(b)(1), and 846.

By these Motions, the Defendant seeks to suppress evidence which was gathered in a Court-authorized wire tap on the residential telephone of her co-Defendant, and spouse, Marcus James Neadeau ("Neadeau"), as well as the evidence obtained during a search of the residence, which she shared with Neadeau, that was pursuant to a Federal Search Warrant. At the time of the Hearing, defense counsel advised that the Defendant would primarily rely upon the Record that was amassed in the Hearing on Neadeau's Motion to Suppress the Wire Tap Evidence, as augmented by counsel's supplemental questioning of Timothy J. Mellor ("Mellor"), who is a Special Agent with the Drug Enforcement Administration. As for the Motion

to Suppress Search and Seizure of Evidence, defense counsel advised that the Defendant was challenging the Search Warrant on its four-corners, and would not be offering any evidence apart from that admitted during the paralleling Motion to Suppress of Neadeau.

The Government joined the Defendant in relying upon the previous Record, that was developed at the Suppression Hearing of Neadeau, as to each of the Defendant's Motions to Suppress. We address the Suppression Motions separately.

    A.    <u>The Defendant's Motion to Suppress Evidence Obtained from Wire Tap</u>.

Defense counsel's questioning of Mellor focused upon the recordings of the Defendant's exchanges with Neadeau, as captured by the authorized wire tap. In particular, counsel intimated, during the questioning, that the recorded conversations were sometimes longer than two (2) minutes, and sometimes related to domestic differences that the Defendant and Neadeau were then experiencing in their relationship. While Mellor acknowledged that, on occasion, a recorded telephone conversation would exceed the two (2) minute limit for determining its relevance, and that some conversations between Neadeau and the Defendant were animated, he maintained that the law enforcement officials, who were conducting the wire tap, adhered to the minimization procedures that had been approved by the District Court,

the Honorable Michael J. Davis, Chief Judge, presiding. Notably, the Defendant did not proffer any evidence that any particular telephone recording violated the District Court's authorization, inclusive of the minimization constraints.

In addition, the Defendant questioned Mellor on the necessity for a wire tap, and as to the exhaustion of other investigative techniques, and suggested, in the questions from her counsel, that there was no objective evidence to show that the Red Lake Indian Reservation was a "closed community." In response, Mellor averred that undercover agents were not available to the investigation as the allegedly conspiring drug dealers knew their purchasers, and that the usual techniques in investigating drug trafficking were not available in the environment on the Reservation.[1] He also attested that, while the Defendant was not a specific target of the wire tap, her voice had been recognized by the monitoring officers in the recordings that were made. As a result, while the probable cause for the wire tap was drawn from Neadeau's activities, the

---

[1]Defense counsel inquired as to why undercover agents of color were not employed in the investigation so as to secure evidence that might be denied to a Caucasian who attempted to work undercover. In response, Mellor identified Michael Aalto ("Aalto"), who is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, as a non-Caucasian who was assigned to the investigation, but who did not attempt to function as an undercover agent, given the practice of the alleged conspirators to sell drugs only to persons they knew.

telephone being tapped was the residential phone being used by both the Defendant, and Neadeau.

Notwithstanding the Supplemental Record, we have no evidence that would question, let alone undermine, our previous analysis of the Court-authorized wire tap. The Defendant offers no evidence that the authorization of the Court was violated, or that the investigating officers failed to adhere to the minimization practices that were required of them. We continue to find that the officers had exhausted all other means of investigating the drug trafficking activities, given the closed nature of the Red Lake Indian Reservation, and that the officers honored their obligation to minimize the recording of telephone conversations that were not relevant. Nothing the Defendant offers make any competent showing to the contrary.

Since we conclude that no useful purpose would be furthered in reiterating the detailed analysis we previously expended on the wire tap evidence, see, <u>Report and Recommendation of June 16, 2009, Docket No. 92 ("R&R")</u>, at pp. 2-16, and 24-30, adopted, <u>Order of July 13, 2009, Docket No. 100</u>, and nothing the Defendant now offers impeaches our prior findings and conclusions, we recommend that the Defendant's Motion to Suppress Evidence Obtained from Wire Taps be denied.

B. The Defendant's Motion to Suppress Search and Seizure Evidence.

The only new challenge to the Search Warrant, that the Defendant voices, is that she was not the target of the Search Warrant. Although not clearly articulated, it appears that the Defendant is arguing that, notwithstanding the existence of a valid Search Warrant, as we have previously found, see, R&R, supra at pp. 16-24, and 30-40, she maintained a reasonable expectation of privacy in her home, and any evidence secured against her, in the warranted search, should be suppressed. She offers no authority for that position, and we find no merit in the argument.

In United States v. Risse, 83 F.3d 212 (8th Cir. 1996), the police had a Warrant for the arrest of a Rhoads, who was cohabitating with Risse. When Risse opened his front door in response to the officers' knock, they inquired whether Rhoads was at home, and "Risse motioned toward Rhoads and stated, "She's standing right there." Id. at 214. The officers then entered the home to effect Rhoads' arrest, during which time they observed, in plain sight, some marijuana and drug paraphernalia. In an attempt to conceal the contraband, Risse struggled with the officers and was subsequently arrested for interference with official acts, and for possession of the marijuana. Id. Based upon their observations, the officers secured a Warrant for the residence, which uncovered more marijuana, marijuana paraphernalia, several guns,

two scales, and cash, which Risse sought to suppress on the ground that the officers first search and seizure was without a valid Search Warrant. Id.

In rejecting Risse's argument, the Court reasoned as follows:

> A valid arrest warrant carries with it the implicit but limited authority to enter the residence of the person named in the warrant in order to execute that warrant. See Payton v. New York, 445 U.S. 573, 603, 100 S.Ct. 1371, 1388-89, 63 L.Ed.2d 639 (1980). However, absent exigent circumstances or consent, an arrest warrant does not justify entry into a third person's home to search for the subject of the arrest warrant. See Steagald v. United States, 451 U.S. 204, 215-16, 101 S.Ct. 1642, 1649-50, 68 L.Ed.2d 38 (1981).
>
> Thus, "if the suspect is just a guest of the third party, then the police must obtain a search warrant for the third party's dwelling in order to use evidence found against the third party." United States v. Litteral, 910 F.2d 547, 553 (9th Cir. 1990). However, "if the suspect is a co-resident of the third party, then Steagald does not apply, and Payton allows both the arrest of the subject of the arrest warrant and use of evidence found against the third party." Id.; see also, Washington v. Simpson, 806 F.2d 192, 196 (8th Cir. 1986)(when subject of arrest warrant is a co-resident with third party, officers may enter residence of the third party without search warrant).

Id. at 215-16.

The Court went on to note that, "where a homeowner allows another person to possess common authority over, or some other significant relationship to, the premises to be searched, the homeowner is held to have a lower expectation of privacy in the

searched area." Id. at 216 n. 3, citing United States v. Matlock, 415 U.S. 164, 171 (1974).

"There is no reasonable expectation of privacy in such a situation because the person's privacy '[is] contingent in large measure on the decisions of another,' and '[d]ecisions of either person define the extent of privacy involved, a principle that does not depend on whether the stranger welcomed into the house turns out to be an agent or another drug dealer." Id., quoting United States v. Chaidez, 919 F.2d 1193, 1202 (7th Cir. 1990), cert. denied, 502 U.S. 872 (1991). Like Risse, the Defendant had no reasonable expectation of privacy in her home, given the probable cause presented in support of the Search Warrant, that was predicated on the allegedly criminal acts of her cohabitant, Neadeau. Accordingly, the officers presence in her home was Court-authorized, and if the officers found incriminating evidence as to the Defendant, they were properly empowered to seize that evidence. Accordingly, we reject the Defendant's argument as unsound, and we recommend that the Defendant's Motion to Suppress Search and Seizure Evidence be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Defendant's Motion to Suppress Evidence Obtained from Wire Tap [Docket No. 140] be denied.

2. That the Defendant's Motion to Suppress Search and Seizure Evidence [Docket No. 138] be denied.

Dated: August 18, 2009          *s/Raymond L. Erickson*
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 4, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 4, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.